In re Estate of Potter.

(No. 695—Decided June 21, 1943.)

*Messrs. Bowman, Hanna & Middleton,* for appellants, Union Central Life Insurance Company and Daniel W. Searles.

*Mr. Elmer McClain,* for appellee.

STUART, J.  Although this case is docketed and was argued by counsel as an appeal on questions of law and fact by Union Central Life Insurance Company of Cincinnati, Ohio, and Daniel W. Searles, mortgage lien creditors of the estate of Dudley Potter, deceased, it is patently an appeal on questions of law from an order of the Probate Court of Wood county authorizing and directing the administratrix of that estate to revive a certain cause and appeal now pending in the United States courts and known as ''In the Matter of Dudley

Potter, Farmer-Debtor, Cause No. 13919," in farmer-debtor proceedings in the United States District Court for the Northern District of Ohio, Western Division, at Toledo, upon appeal to the United States Sixth Circuit Court of Appeals upon notice of appeal filed on January 13, 1943.

The sole question presented is whether in a farmer-debtor proceeding pending in the courts of the United States pursuant to a petition filed by a farmer-debtor under Section 75 of the Bankruptcy Act (Title 11, Section 203, U. S. Code) wherein the farmer-debtor has appealed to the United States Circuit Court of Appeals from an order of the bankruptcy court and thereafter dies during the pendency of such proceeding and appeal, the Probate Court which appointed the administratrix has the power to authorize and direct the administratrix of such deceased farmer-debtor, as personal representative, upon her own application and the application of the surviving spouse and all the heirs and next of kin of the deceased, to make application to such federal courts for an order substituting such administratrix in such federal proceeding and appeal in place of the farmer-debtor.

While the term "personal representative" as used in subsection (r) of Section 75 of the Bankruptcy Act may be broad enough to include all executors and administrators of estates of deceased farmers, it does not follow that all executors and administrators may lawfully enter into bankruptcy. It was not the purpose of Congress through this legislation to attempt to add to or remove limits from the power and authority conferred by the laws of a state upon a personal representative created solely by virtue of such laws. Rather it would seem that the sole purpose of Congress was to make Sections 74 and 75 of the Bankruptcy Act (Title 11, Sections 202 and 203, U. S. Code) available

to those personal representatives of deceased farmer-debtors who by statute, will, or other creating means are given sufficiently broad powers to enable them, within the confines of such powers, to take advantage, depending on the extent of such power, of all or part of the provisions of the section.

The Constitution of Ohio provides, in Section 8 of Article IV:

"The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law."

A personal representative of a deceased person is created under and derives his power from this section of the Constitution and the provisions of the Probate Code. Under the law of Ohio he takes title to the personal property in the estate, but takes no interest in realty save a naked power to sell the same upon the order of the court in case the personal estate is insufficient to pay the debts of the deceased. His right and the method he must pursue to sell real estate to pay debts is carefully and in minute detail prescribed by statute. In no other circumstance or manner may he deal with it.

The settlement and distribution of decedents' estates, and the right to succeed to the ownership of realty and personalty are peculiarly matters of state law. The federal courts have no probate jurisdiction and have sedulously refrained, even in diversity cases, from interfering with the operations of state tribunals vested with that jurisdiction. *Harris* v. *Zion Savings*

*Bank & T. Co.,* 317 U. S., 447, 87 L. Ed., 390, 63 S. Ct., 354.

The only instance in which the Probate Court may order an estate relieved from administration is in accordance with the provisions of Section 10509-5, General Code, when the assets of the estate are of less value than $500.

In *Chapman* v. *Federal Land Bank of Louisville, Ky.,* 117 F. (2d), 321, the court held that the administrator, having attached to his original petition, filed under Section 75 of the Bankruptcy Act, "a copy of an order of the Probate Court authorizing him to file this petion," had, therefore, state authority to proceed to obtain the benefits of the federal act, and such court did not decide this question as to whether the Probate Court had the power to make such an order.

To permit the administratrix to be substituted for the deceased farmer-debtor in the bankruptcy proceeding would be to transfer the administration of this estate, so far as the real estate is concerned, in which the administratrix has no right or interest and the title of which is in the heirs, from the Probate Court to the federal courts.

In Pennsylvania, an administrator can deal with the decedent's real estate only for the purpose of paying decedent's debts promptly, and under Pennsylvania law an administrator does not have the authority to file a petition under Section 75 of the Bankruptcy Act to extend and postpone the decedent's debts; therefore under the rule of *Harris* v. *Zion Savings Bank & Trust Co., supra,* the term 'farmer' does not include an administrator of a deceased farmer acting under the authority of a state whose laws do not authorize him to file such a petition. *In re Stoner,* 133 F. (2d), 696.

The Probate Court is without power to authorize a

personal representative to invoke these provisions of the Bankruptcy Act.

The order is reversed and the cause is remanded to the Probate Court with instructions to deny the application.

*Order reversed and cause remanded.*

LLOYD and CARPENTER, JJ., concur.